# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-0452V
UNPUBLISHED

|  |  |
|---|---|
| LAURIE L. OGLE,<br><br>          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: May 10, 2021<br><br>Special Processing Unit (SPU); Dismissal; Insufficient Proof; Failure to Prosecute; Tetanus-Diphtheria-Acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Kelly Danielle Burdette, Burdette Law, PLLC, North Bend, WA, for Petitioner.*

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION[1]

On March 27, 2019, Laurie L. Ogle filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on January 15, 2018. Petition at Preamble. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU").

### I.    Relevant Procedural History

This matter was assigned to the SPU based on the initial presumption that it presented issues that were likely to be resolved expeditiously. However, during the initial

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

status conference nearly two years ago (on July 31, 2019), it was disclosed that insufficient medical documentation had been filed demonstrating that Ms. Ogle's alleged vaccine-injury lasted for six months or more – as required under Section 11(c)(1)(D)(i) of the Act. (ECF No. 10). This issue was echoed in my December 20, 2019, and February 3, 2020 Scheduling Orders, where I noted that many records appeared to be missing, including records necessary to demonstrate that Petitioner could meet the six-month severity requirement. (ECF Nos. 15, 17). Respondent observed the same absence of evidence supporting this claim component. (ECF No. 16).

Petitioner reported in a February 21, 2020 status report that she had previously submitted complete records from her relevant treatment providers and that she had obtained no additional or subsequent treatment. (ECF No. 18). She reiterated this information in a June 2, 2020 status report. (ECF No. 21). To date, no additional records or affidavits have been filed in support of the Petition.

On July 17, 2020, Respondent file his Rule 4(c) Report recommending that compensation be denied in this case, as well as a motion requesting that an Order to Show Cause be issued directing Petitioner to demonstrate that she could overcome the present evidentiary deficiency regarding the required six-month sequela. (ECF Nos. 23, 24). I agreed that such an Order was necessary, as Petitioner had not responded substantively to the lack of proof on the severity question, and therefore issued the Order on July 20, 2020 (ECF No. 25).

Petitioner did file an initial response to the Order to Show Cause stating that she had been unable to see her doctor due to her income restrictions as well as restrictions in place due to the COVID-19 pandemic, but she believed that she still suffered from SIRVA and wanted additional time to seek follow up treatment. (ECF No. 26). I permitted Petitioner an additional 60 days to seek this additional treatment with the caveat that I would not permit this case to lag without Petitioner providing sufficient evidence to fulfill basic statutory requirements. (ECF No. 27).

Two months later, Petitioner filed a status report stating that she had not yet obtained the additional documents to meet her burden of proof. She requested additional time to comply with my order. (ECF No. 30). I again granted Petitioner the additional time she requested, but she failed to meet the February 2, 2021 deadline. (ECF No. 29). I extended the deadline a second time to April 28, 2021 and Petitioner has yet to file any response. (ECF No. 30).

## II.    Insufficient Proof and Failure to Prosecute

### a.   Failure to Satisfy the Six-Month Severity Requirement

Under the Vaccine Act, a petition for compensation must contain "supporting documentation, demonstrating that the person who suffered [a vaccine related injury] ...suffered the residual effects or complications of such illness, disability, injury, or condition for more than 6 months after the administration of the vaccine." Section 11(c)(1)(D)(i). The burden is on the petitioner to establish, by a preponderance of the evidence, the persistence of a vaccine-caused injury for longer than six months. *Song v. Sec'y of Health & Human Servs.,* 31 Fed. Cl. 61, 65–66, *aff'd*, 41 F.3d 1520 (Fed.Cir.1994). A petitioner cannot establish the length or ongoing nature of an injury merely through her self-assertion. Rather, the petition must be supported by medical records or by the opinion of a competent physician. *See* Section 13(a)(1). Petitioner bears the burden of proving a prima facie case by a preponderance of the evidence. Section 13(a)(1)(A); *see also Moberly v. Sec'y of Health & Human Services*, 592 F.3d 1315, 1321 (Fed. Cir. 2010).

Although Ms. Ogle has asserted in her April 1, 2019 affidavit that that she "still suffer[s] from pain, weakness and lack of range of motion," (Pet. Ex. 1 at 1, ¶7), she has not submitted any medical records or other evidence to substantiate her assertions that her shoulder pain persisted past her March 27, 2018 appointment – two months post-vaccination. Petitioner has provided no records showing visits to any healthcare provider for the period between that March date and August 2, 2018 (approximately seven months post-vaccination). And the treatment records from August 2018 indicate that she complained of *left* shoulder pain after she had been "throwing freight around" – *not* that she was experiencing ongoing sequelae associated with her right-arm vaccination. Pet. Ex. 2 at 78.  Thus, Petitioner's records document a little more than *two months* of sequela for her alleged SIRVA injury.

The Act does permit individuals who otherwise do not meet the severity requirement to bring a claim where they can demonstrate their injury caused them to experience "inpatient hospitalization and surgical intervention." Section 11(c)(1)(D)(iii). But Ms. Ogle has not submitted evidence that this occurred in connection with her alleged SIRVA injury. To date, Ms. Ogle has failed to support her claim with sufficient proof, including medical records, affidavits, and/or the opinion of a medical expert to substantiate her claim that her injury persisted for more than six months despite multiple orders directing her to file this information.

### b. Failure to Prosecute

An additional ground for dismissal herein arises from Petitioner's general failure to prosecute this matter. It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Tsekouras v. Sec'y of Health & Human Servs*., 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs*., 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in the July 20, 2020 Order to Show Cause, and then in my December 2, 2020 and March 30, 2021 Scheduling Orders that she risked dismissal of the claim. I ultimately set a final deadline to act by the end of April 2021. But Petitioner continued to disregard my orders without justification or explanation.

### III.   Conclusion

To date, and despite ample opportunity, Petitioner has failed to provide preponderant evidence that she suffered the residual effects of her injury for more than six months or suffered an in hospital surgical intervention. Section 11(c)(1)(D)(i). She has also failed to respond to the Order to Show Cause issued on July 20, 2020, and my December 2, 2020 and March 30, 2021 Scheduling Orders, respectively. Accordingly, this case is DISMISSED for failure to prosecute and insufficient proof.  The clerk shall enter judgment accordingly. [3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.